UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORY BRADLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12CV556  HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion and amended motion of Cory Bradley to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. #1 and #3].

On March 15, 2006, a jury convicted petitioner of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He was sentenced on June 16, 2006, to 94 months' imprisonment and 2 years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on January 11, 2007, and the mandate issued on February 20, 2007.

Movant seeks relief from his conviction and sentence on the grounds of insufficient evidence, ineffective assistance of counsel, and improper application of the Sentencing Guidelines.  In addition, movant claims, "Change of law

retroactivity of sentencing guidelines newly imposed Nov. 1, 2011," and he vaguely asserts, "There have been cases to support mine in which some form of relief may be granted."

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in 2007, but he did not file this motion to vacate until March 2012. Thus, it appears that this motion to vacate is untimely.

The Court notes that in the section labeled "Timeliness of Motion: If your judgment of conviction became final over one year ago, you must explain why the one-year limitations . . . does not bar your motion," movant responded, "The United States District Judge of my . . . [§] 2241 motion stated that my 2255 motion is not inadequate merely because I have allowed the one year statute of limitations period to expire." Movant's response is an inaccurate statement of why his § 2241 action was dismissed. In *Bradley v. United States*, No. 4:12-CV-245-SNLJ (E.D. Mo.), movant's previously-filed § 2241 action, the Court dismissed the petition without prejudice on the ground that movant had not claimed, nor did it appear, that his remedy under § 2255 was inadequate. In this regard, the Court further stated that "a § 2255 motion is not inadequate merely because petitioner has allowed the one year statute of limitations and/or grace period to expire." In other words, a litigant cannot claim that because his §2255 motion would be untimely,

his remedy under § 2255 is inadequate, and thus, he should be allowed to file a § 2241 action. The Court did not state that movant's § 2255 motion would be adequate if he filed outside of the one-year limitations period.

Because movant has not advanced an explanation that warrants tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 24th day of April, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE